UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD CARL S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-5500-MLP <br><br> ORDER |

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in making step five findings that were unsupported by substantial evidence. (Dkt. # 9 at 5.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.     BACKGROUND

Plaintiff was born in 1975, has a GED, and worked most recently as a home health attendant. AR at 727, 744. Plaintiff was last gainfully employed in 2010. *Id.* at 948.

In November 2016, Plaintiff applied for SSI, after which he subsequently amended his onset date to September 28, 2016. AR at 197-206, 750. Plaintiff's application was denied

ORDER - 1

initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 61-76, 103-04. After a July 2018 hearing, ALJ John Michaelsen issued a decision finding Plaintiff not disabled on September 19, 2018. *Id.* at 15-26, 32-44. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *Id.* at 1-6. Plaintiff appealed to this Court, and, on May 1, 2020, Judge Christel reversed and remanded. *Id.* at 814-19 (C19-6307 DWC, Dkt. # 11). The case was subsequently reassigned to a new ALJ, ALJ Allen Erickson, and on May 18, 2021, ALJ Erickson held another hearing. *Id.* at 737-77. On June 4, 2021, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 714-29.

Using the five-step disability evaluation process, the ALJ found that Plaintiff has the following severe impairments: status post-lumbar spine surgery, obesity, asthma/COPD, depression, and anxiety. AR at 1098. The ALJ subsequently determined that Plaintiff retained an RFC for sedentary work with additional limitations, including that he was limited to understanding, remembering, and applying "short, simple instructions," to performing "routine tasks . . . not in a fast[-]paced production environment," to "mak[ing] simple decisions" and to "exposure to occasional, routine workplace change." *Id.* at 722. The ALJ found that Plaintiff could not perform his past work, but, relying on the opinion of a VE, found that Plaintiff could perform jobs existing in significant numbers in the economy. *Id.* at 728. As a result, the ALJ concluded at step five that Plaintiff was not disabled. *Id.* at 729.

The Appeals Council declined to assume jurisdiction to review the ALJ's decision. AR at 699-705.

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial

ORDER - 2

evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a) (citations omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

The sole issue before the Court is whether substantial evidence supported the ALJ's step five findings. The VE here testified that an individual with Plaintiff's RFC would be able to perform at least three jobs that existed in significant numbers in the national economy, including food and beverage order clerk, credit card clerk, and semiconductor bonder. AR at 773-75. The ALJ subsequently adopted the VE's opinion in conjunction with his step five findings. *Id.* at 728-29.

On appeal before this Court, the Commissioner concedes that the ALJ erred as to his findings regarding the jobs of food and beverage order clerk and credit card clerk, agreeing that

ORDER - 3

additional VE testimony was required to explain the conflict between those findings and the Dictionary of Occupational Titles ("DOT"). (Dkt. # 12 at 2.) Nevertheless, the Commissioner asserts that the error was harmless, and contends that the ALJ's findings regarding the additional semiconductor bonder position were supported by substantial evidence. (*See id.* at 2-3.)

Plaintiff, however, contends that the ALJ erred not only in his findings regarding the two clerk positions, but that he also erred in relying on the VE's opinion regarding the semiconductor bonder position because the VE "grossly overestimated" the national number of such positions. (Dkt. # 9 at 7.) Plaintiff asserts that contrary to the estimated 115,000 national positions opined to by the VE, only sixteen exist, thus necessitating remand for additional VE testimony to resolve the discrepancy. (*Id.* at 8-9.) The Commissioner counters that Plaintiff failed to adequately rebut the VE's testimony regarding the number of semiconductor bonder jobs that exist in the national economy, asserting that Plaintiff's rebuttal evidence lacks probative value because Plaintiff failed to explain how the evidence was produced, failed to establish that he utilized the same methodology as the VE, and failed to have the evidence verified by an expert. (Dkt. # 12 at 3-4 (citing *Wischmann v. Kijakazi*, 68 F.4th 498, 505 (9th Cir. 2023)).) In reply, Plaintiff contends that the Ninth Circuit's decision in *Wischmann*, 68 F.4th at 505, relied on by the Commissioner, is distinguishable, arguing that the Ninth Circuit's prior decisions in *White v. Kijakazi*, 44 F.4th 828, 835 (9th Cir. 2022), and *Buck v. Berryhill*, 869 F.3d 1040, 1052 (9th Cir. 2017), require remand in this case. (Dkt. #13 at 2-4.) The Court agrees.

The claimant in *Wischmann* challenged the ALJ's step five findings, based on the VE's testimony that a significant number of jobs existed in the national economy. 68 F.4th at 504. In support, the *Wischmann* claimant provided the Appeals Council with a letter attaching six pages of "printouts" that contained numbers that were drastically lower than the job numbers offered

ORDER - 4

by the VE. *Id.* at 503. The *Wischmann* claimant's printouts, however, were, in part, incomprehensible, with cryptic headings and column titles such as "QSS-Q.LQ.up" and "Selt:gulgy-ed." *Id.* Additionally, the *Wischmann* claimant's attorney failed to explain the data in his accompanying letter, including the source and the process by which the data was generated, and, importantly, how the data supported the claimant's application. *Id.* Moreover, as the *Wischmann* Court further noted, the numbers included in the claimant's printouts failed to correspond with his related argument. *Id.* Accordingly, the *Wischmann* Court concluded that the rebuttal data in that case was not probative. *See id.* at 506-07 (noting that the printout itself provided "no information about how the job numbers were produced," did not indicate it was "produced using the same methodology of the [VE]," did not identify "who produced the outputs," and did not provide information on other "variables" or "filters" that may have been entered).

      Here, by contrast, Plaintiff's rebuttal evidence is not incomprehensible, and the fatal deficiencies identified in *Wischmann* are not present. *See* AR at 931-36. Plaintiff's request for review submitted to the Appeals Council specifically stated that Plaintiff's counsel obtained the rebuttal data using Job Browser Pro, thus identifying the source and the person who obtained the data. *See id.* at 934.[1] Moreover, Plaintiff's rebuttal evidence itself specifies that it constitutes a current "2021 Employment Estimate," describes the software's sources of information, which include the Bureau of Labor Statistics, U.S. Department of Labor, the United States Census Bureau, and SkillTRAN, LLC, and further explains its methodology. *See id.* at 935-36. Additionally, as Plaintiff explains in his request for review before the Appeals Council, his

---

[1] Contrary to the Commissioner's suggestion otherwise, the Court finds that it is the ALJ's job on remand to determine whether Plaintiff's counsel possesses sufficient "expertise in developing job numbers." *See Wischmann*, 68 F.4th at 507; *see also* dkt. # 12 at 4.

rebuttal data utilizes the same DOT job codes and software program used by the VE. *See id.* at 933-34, 935 (citing to DOT code 726.685-066, and noting that sixteen jobs exist nationally pursuant to that code); *cf. id.* at 773 (VE cites to same DOT code but states that there are 115,000 jobs nationally).

Given these facts, the instant appeal is more similar to *White*, where the Ninth Circuit considered the attorney's methodology to be the same as the VE's when the attorney "us[ed] SkillTRAN Job Browser Pro and the same DOT codes the VE had used." 44 F.4th at 832, 837 (noting that the claimant's attorney submitted screenshots of SkillTRAN Job Browser Pro data numbers that varied significantly from those testified to by the VA).[2] Relying on *Buck*, the Ninth Circuit in *White* remanded for further proceedings based on the "vast[ly] discrepan[t]" job-number estimates in Plaintiff's rebuttal evidence and the VE's testimony. *Id.* at 836 (citing *Buck*, 869 F.3d at 1047) (holding that where Plaintiff's attorneys "us[ed] the same software program as the VE," and Plaintiff's rebuttal evidence showed that there were only 231 bottling-line attendant jobs, 2,039 bottle-packer jobs, and 26 conveyor-belt maker jobs nationally as compared to VE's testimony that there were 600,000 bottling-line attendant jobs, 8,800 bottle-packer jobs, and 235,000 conveyor-belt maker jobs nationally, remand was required given the discrepancies that were "too striking to be ignored"). Similar notable disparities exist here between Plaintiff's rebuttal evidence and the VE's testimony, and, like *White* and *Buck*, the Court finds Plaintiff's rebuttal evidence is both significant and probative. *See id.*

---

[2] The Court takes judicial notice of the fact that the additional software referenced by the VE, Oasys, is – like Job Browser Pro – owned by SkillTRAN, and, accordingly, does not render Plaintiff's attorney's methodology dissimilar to that used by the VE. (*See* dkt. # 9 at 7 n.5; *see also* SkillTran Solutions: PC Products and Web-Based Services, http://www.skilltran.com/index.php/products (last visited Nov. 29, 2023).)

ORDER - 6

Accordingly, given Plaintiff's evidence that there may be only sixteen semiconductor bonder jobs available to Plaintiff, the record lacks substantial evidence to support the ALJ's finding that Plaintiff can perform this job, and that it exists in significant numbers in the national economy. *See Gutierrez v. Comm'r of Soc. Sec.,* 740 F.3d 519, 529 (9th Cir. 2014). Given this determination, the additional conceded errors regarding the ALJ's findings as to the two clerk positions also were not harmless.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ is required to address Plaintiff's rebuttal evidence and to resolve the inconsistencies between the job-number estimates provided by Plaintiff and the VE with respect to all three positions posited by the VE and relied on by the ALJ. *See White,* 44 F.4th at 837.

Dated this 1st day of December, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge